IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SHARON STOREY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:11-CV-211-BL |
| | § | ECF |
| | § | |
| CAROLYN W. COLVIN,[1] | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

**THIS CASE** is before the court upon Plaintiff's complaint filed November 3, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on June 15, 2012 (Doc. 23). Defendant filed a brief on July 13, 2012 (Doc. 24). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on November 6, 2011 (Doc. 6), and March 7, 2013 (Doc. 25).

This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security, effective February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per FED. R. CIV. P. 25(d)(1).

I. **STATEMENT OF THE CASE**

Plaintiff filed applications for periods of disability and disability insurance benefits and supplemental security income on June 28, 2006, alleging disability beginning March 1, 2004. Tr. 352-364. Plaintiff later amended her alleged onset date to September 3, 2008. Tr. 50. Plaintiff's application was denied initially and upon reconsideration. Tr. 224-231, 234-243, Plaintiff filed a Request for Hearing by Administrative Law Judge on March 1, 2001, and this case came for hearing before the Administrative Law Judge ("ALJ") on November 29, 2007. Tr. 201-205. The ALJ postponed the hearing to permit a review of additional records submitted. Tr. 203. Another hearing was scheduled for February 20, 2008, to permit the ALJ to consider additions to the medical evidence of record. Tr. 122-146.

At the next hearing, Plaintiff appeared and testified in her own behalf. Both a ME and a vocational expert ("VE") appeared and provided expert testimony. The ALJ issued an opinion that was unfavorable to Plaintiff on September 29, 2008. Tr. 212-218. Plaintiff sought review of the hearing decision and order. The Appeals Council granted the request for review and issued an order remanding the case back to the ALJ, to permit consideration of the treating source opinion, evaluation of the severity and limitations imposed therein by Plaintiff's mental impairment, a determination of whether additional development of the record is warranted, and further evaluation of Plaintiff's RFC, including nonexertional limitations, and of the hypothetical question posed to the VE at step 5. Tr. 221-222.

Another hearing before the ALJ was set for January 24, 2009. Tr. 147-200. Plaintiff, represented by an attorney, testified in her own behalf. Tr. 149-183. Plaintiff's mother and a friend testified on her behalf as well. Tr. 184-190, 191-194. A medical expert, Dr. Simmonds, ("ME"),

appeared, and although he questioned counsel for Plaintiff, he did not provide extensive testimony. Tr. 196-200.

The ALJ issued a second unfavorable decision on April 30, 2010. Tr. 12-39.  Plaintiff filed a request for review which the Appeals Council granted, and then remanded the matter to the ALJ for further consideration of the treating source opinion, evaluation of Plaintiff's mental impairment, further consideration of Plaintiff's RFC, further development of the record as needed, and to associate Plaintiff's subsequent claims with the initial claims.  Tr. 15.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act.  The ALJ found that Plaintiff met the insured status requirements through September 30, 2008, and that Plaintiff had not engaged in substantial gainful activity at any time since September 3, 2008, the amended alleged onset date. Tr. 15, 17.  The ALJ found that Plaintiff has "severe" impairments, including a back disorder; osteoarthrosis of the left knee; and a mood disorder.  Tr. 17.  The ALJ found that Plaintiff's nonsevere impairments include: obesity, chronic bronchitis, corrected myopia, and muscle traction headaches. Tr. 18.  The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 18-19.  The ALJ specifically addressed the criteria of Sections 1.02 and 12.04 of the Listings.  Tr. 19.  The ALJ evaluated Plaintiff's mental impairment, a mood disorder, finding that such impairment has imposed mild limitations in her daily activities; moderate limitations in her social functioning; mild limitations in her concentration, persistence, and pace; and no episodes of decompensation of extended duration, as required by Sections 12.04 of the Listings. *Id*.    Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work

existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 20. The ALJ noted Plaintiff's allegations regarding her symptoms and the limitations imposed therein. Tr. 21-25. The ALJ extensively discussed Plaintiff's reports of her medical treatment and her activities of daily living and compared them with the objective medical evidence of record. *Id*.

The ALJ found that Plaintiff has underlying medically determinable impairments which could reasonably cause some of the symptoms alleged. Tr. 21-22. The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments, the symptoms experienced therein, and the intensity, persistence, and limiting effects of such symptoms were not entirely credible and were inconsistent with the RFC finding. Tr. 21-25. The ALJ provided analysis of each of the opinions provided by the medical reviewing, examining, and treating sources. Tr. 26-28

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical and nonexertional requirements of a range of light work, except that she cannot : stand or walk for more than 20 minutes at a time, for a total of two hours during an 8-hour workday; ambulate on rough or uneven surfaces without the use of a single point cane; climb ropes, ladders, or scaffolds; frequently climb stairs or ramps; cannot frequently balance, crawl, or kneel; constantly stoop or crouch; understand, recall and carry out complex instructions; tolerate frequent contact with coworkers or supervisors; complete a workweek without one extra 5-minute break per week; and she cannot frequently adjust to complete work changes. Tr. 20. The ALJ indicated that the RFC reflected limitations on standing and walking caused by Plaintiff's severe back disorder and severe

osteoarthrosis of the knee; limitations on ambulation to reflect her use of a cane; and various nonexertional postural limitations to reflect her severe musculoskeletal impairments. Tr. 28. The ALJ explained that limitations on interaction with coworkers and supervisors, and to work that did not require understanding, recalling, or carrying out complex instruction or which required Plaintiff to frequently adjust to complex work changes were incorporated to reflect Plaintiff's mental impairment and pain. *Id*.

The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform work which existed in the national economy, including the jobs of cashier, bench assembler, injection molding machine tender, and call out operator. Tr. 30. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. *Id*.

Plaintiff submitted a Request for Review of Hearing Decision/Order on June 28, 2010. Tr. 10-11. The Appeals Council denied Plaintiff's request and issued its opinion on August 5, 2011, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 4-9. The ALJ's decision, therefore, became the final decision of the Commissioner.

Plaintiff sought and was granted an extension of time to file a civil action. On November 3, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is

limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to other work which exists in significant numbers in the national economy. Tr. 30.

### III.  DISCUSSION

Plaintiff claims that the ALJ erred by failing to appropriately evaluate her fibromyalgia and erred in finding that she retained the RFC to perform a range of light work activity. The ultimate

issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.      Whether the ALJ erred in evaluating Plaintiff's fibromyalgia.**

In his opinion, the ALJ found that Plaintiff's fibromyalgia was not a medically determinable impairment. Tr. 18. He noted that the record contained no evidence that Plaintiff had been examined and had exhibited the appropriate number and location of trigger points as required for a diagnosis of fibromyalgia. *Id.*

The claimant has the burden to prove that he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id.*

The ALJ's opinion indicates that he considered Plaintiff's allegations as well as the medical evidence of record in concluding that her fibromyalgia was not a medically determinable impairment

insofar as the presence of such impairment was not "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff argues that the ALJ was required to contact Dr. Dozier, a treating physician, regarding the diagnosis of fibromyalgia insofar as his opinion inconclusive or not entitled to controlling weight. Plaintiff's counsel indicated at the hearing that Plaintiff was not diagnosed with fibromyalgia using the trigger point test administered by a qualified medical provider. Tr. 49.

The ALJ may seek additional evidence or clarification from a claimant's medical source when the report from that source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or it does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1512(e). If the evidence is consistent but not sufficient to determine whether the claimant is disabled, or if after weighing the evidence the ALJ determines that he or she cannot reach a conclusion about whether the claimant is disabled, the ALJ will try to obtain additional evidence. 20 C.F.R. § 404.1527. The absence of such a statement, however, does not in itself make the record incomplete. 20 C.F.R. § 404.1513(b)(6). In a situation where no medical statement has been provided, the court inquiry "focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557.

At the hearing, both Plaintiff and her counsel were questioned extensively about whether a formal diagnosis of fibromyalgia was ever made. Tr. 45-60, 63-64. The ALJ, counsel for Plaintiff, and Plaintiff discussed Plaintiff's symptoms and her treatment from various medical providers. The ALJ asked Plaintiff's attorney to submit any other information within 14 days. Tr. 120. The ALJ also indicated that additional time would be permitted if necessary. *Id.* Plaintiff submitted additional evidence to the Appeals Council. Tr. 8.

The record demonstrates that the medical evidence of record before the ALJ included the opinions of numerous medical providers. The ALJ evaluated the weight given to each opinion and the degree to which each opinion was supported and consistent with the objective medical evidence. The ALJ opinion and the record contain substantial evidence which permitted the ALJ to reach a conclusion as to disability. Thus, the ALJ did not err in weighing the opinion of Dr. Dozier, in evaluating Plaintiff's medically determinable impairments, or by failing to recontact the treating source or otherwise further develop the record.

The court, therefore, turns to Plaintiff's second claim of error.

**B.     Whether the ALJ's RFC determination is supported by substantial evidence.**

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. Plaintiff contends that the ALJ finding that she is unable to stand or walk for more than 20 minutes at a time for a total of 2 hours per 8-hour workday is inapposite to the definition of "light work." To perform the full range of a certain level of work, a person must be able to perform all or substantially all of that range of work. Social Security Ruling 83-10 (August 20, 1980)("SSR 83-10"). The ALJ, however, did not find that Plaintiff retained the ability to perform a full range of work at the light exertional level, nor did he apply the Medical-Vocational Rules ("The Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, to direct a finding of "not disabled." Rather, the ALJ relied upon the testimony of the VE, who identified jobs that a person with the limited range of light work, as described in the RFC determination, could perform.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes

and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

Clearly, an ALJ may not rely on evidence provided by a VE if that evidence is based on underlying assumptions or definitions that are inconsistent with the agency's regulatory policies or definitions – such as exertional level, skill level, and transferability of skills. *See* Soc. Sec. Ruling 00-4p (December 4, 2000) ("SSR 00-4p"). SSR 00-4p notes that the VE may provide testimony regarding the requirements of a particular job "as it is performed in specific settings." The ALJ asked the VE to testify as to the availability of jobs that a person with Plaintiff's vocational profile and an RFC for a "less than full range of light work," as further limited by postural and nonexertional considerations, could perform. Tr. 112. The VE specifically testified as to the jobs that could be performed, and further indicated a number which was reduced to reflect limitations. Tr. 113-14. The VE testified that these jobs could be performed of the requirement of two 5-minute breaks was added to each workday. Tr. 115.

The ALJ thus appropriately relied upon the testimony of the VE, who indicated the jobs that could be performed by a person with Plaintiff's vocational history, age, and RFC, including the RFC for a *limited* range of light work.

Plaintiff argues that the ALJ's finding that she could not ambulate on rough or uneven surfaces without the use of a single point cane was incorrect insofar as she used her cane repeatedly at physician office visits. The ALJ noted, however, that Plaintiff's use of the cane was not prescribed, although recommended. Tr. 28. The ALJ incorporated the limitation to use of a single point cane on rough or uneven surfaces to reflect Plaintiff's testimony that use of a cane was recommended. Tr. 24. He further noted that there was no evidence that the Plaintiff was unable to

ambulate effectively with the use of a cane, allowing her other hand to remain free to carry items. Plaintiff testified that she was given no further specific limitations by her treatment providers. Tr. 106-07

There is substantial evidence in the record to support the ALJ's RFC determination. In addition, the ALJ did not err by relying upon the testimony of the VE to carry the burden on the Commissioner at step 5. The ALJ did not err in evaluating whether Plaintiff's fibromyalgia constituted a medically determinable impairment, and his opinion is supported by substantial evidence.

## IV.     CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed November 3, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

-12-

**SO ORDERED**.

DATED this 14th day of March, 2013.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**